UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

LEATHIA FAILS,

    Plaintiff,

vs.

H&H OF VANDALIA LLC,

    Defendant.

Case No. 3:21-cv-321

District Judge Michael J. Newman
Magistrate Judge Peter B. Silvain, Jr.

---

**ORDER: (1) GRANTING DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO PROSECUTE (Doc. No. 19); (2) DISMISSING THIS CASE WITH PREJUDICE; AND (3) TERMINATING THIS CASE ON THE DOCKET**

---

This civil case is before the Court on Defendant's motion to dismiss for failure to prosecute. Doc. No. 19. Plaintiff, now proceeding *pro se* because her counsel withdrew from this case, did not respond within the time for doing so, and this matter is ripe for review.[1]

**I.**

Plaintiff, through counsel, filed her complaint against Defendant in state court on October 21, 2021. Doc. No. 5. Defendant removed to this Court on November 21, 2021. Doc. No. 1. This case proceeded through discovery until July 15, 2022, when Plaintiff's counsel filed a motion to withdraw. Doc. No. 14. Counsel stated that Plaintiff refused to cooperate in answering discovery requests—despite counsel giving her multiple warnings and making several attempts to communicate with her—so counsel moved to withdraw avoid incurring ethical violations. *Id.* at

---

[1] To the extent relevant, the Court will construe any *pro se* allegations made in a *pro se* plaintiff's favor. *See, e.g.*, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Waskul v. Washtenaw Cnty. Cmty. Mental Health*, 979 F.3d 426, 440 (6th Cir. 2020). However, Plaintiff has not submitted any filings to this Court after her counsel withdrew from this case.

PageID 155–56; *see also* Doc. Nos. 19-1, 19-2, 19-3. The Court sent Plaintiff notice of the pending motion, received no response from Plaintiff, and, subsequently, granted the motion. Doc. Nos. 15, 16.

On September 2, 2022, Defendant's counsel sent Plaintiff an email, and a letter to her mailing address, requesting she respond to pending discovery requests. *See* Doc. No. 19-4 at PageID 209–10. Plaintiff did not respond. That led Defendant's counsel to send another letter and email—on September 26, 2022—to Plaintiff, and she signed an acknowledgment that she received the letter on September 28, 2022. Doc. No. 19-5 at PageID 216–25. She still did not respond.

Plaintiff allegedly left a voicemail, according to Defendant, to defense counsel on November 4, 2022, requesting that Defendant's counsel call her back. *See* Doc. No. 19 at PageID 189. Defendant's counsel returned that call on November 8, 2022, but Plaintiff did not answer and did not call Defendant's counsel back. *Id.*

By order, this Court set a discovery conference on November 22, 2022. Doc. No. 18. In that order, this Court warned Plaintiff that her "fail[ure] to follow a court order could result in adverse consequences, including dismissal of this case for failure to prosecute." *Id.* at PageID 186 (citing Fed. R. Civ. P. 41(b)). Plaintiff did not appear at that conference. On November 29, 2022, Defendant submitted the present motion. Doc. No. 19. Subsequently, on November 30, 2022, the Court sent Plaintiff a notice informing her that her case was subject to dismissal. Doc. No. 20. Again, Plaintiff did not respond.

## II.

Under Fed. R. Civ. P. 41(b), a district court may dismiss a case involuntarily with prejudice "[i]f the plaintiff fails to prosecute" his or her case. Fed. R. Civ. P. 41(b). This "is a harsh sanction which the court should order only in extreme situations showing a clear record of contumacious

conduct by the plaintiff." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (quoting *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005)); *see also id.* at 737 (defining "contumacious" as "perverse in resisting authority" and "stubbornly disobedient"). Courts generally consider four factors in determining if dismissal for failure to prosecute is appropriate under the circumstances:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action.

*Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 589 (6th Cir. 2001)). "Although typically none of the factors is outcome dispositive . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (citing *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)).

### III.

Applying this well-settled test to the present case, the Court finds that dismissal with prejudice is warranted. Begin with the first factor—"willfulness, bad faith, or fault[.]" *Carpenter*, 723 F.3d at 704. The Sixth Circuit has found that this factor is met if a plaintiff displays "a reckless disregard for the effect of his conduct on [the] proceedings." *Wu*, 420 F.3d at 643. That covers Plaintiff's actions here, considering she has "failed to respond to discovery requests and a motion to compel; failed to comply with a court order; and failed to oppose a motion to dismiss" for failure to prosecute. *Carthon v. Cent. State Univ.*, 290 F.R.D. 83, 87 (S.D. Ohio 2013) (citing *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)). This pattern "establish[es] that [she] was stubbornly disobedient and willfully contemptuous." *Harmon*, 110 F.3d at 368.

3

As to the second factor, a defendant may be prejudiced if that defendant "waste[d] time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide." *Schafer*, 529 F.3d at 737. Defendant, through counsel, appeared at the November 22, 2022 discovery conference, while Plaintiff did not, so that factor is met. Doc. No. 18; *see Rogers v. City of Warren*, 302 F. App'x 371, 378 (6th Cir. 2008) (finding that the plaintiff's failure to appear at a conference satisfied the second prong because it "wasted the court's time and resources, as well as defendants").

The final two factors are met here as well. This Court warned Plaintiff in its November 28, 2022 order that her case could be dismissed for failure to prosecute, affording her adequate notice. *See* Doc. No. 18 at PageID 186. Likewise, considering Plaintiff failed to respond to Defendant's discovery requests or motion to dismiss—coupled with her refusal to attend court-ordered status conferences—"it is difficult to conceive how any sanction other than dismissal would impact Plaintiff's conduct." *Carthon*, 290 F.R.D. at 88; *see also Rogers*, 302 F. App'x at 378. Thus, Defendant's motion is well-taken.

**IV.**

For the reasons stated, the Court: (1) **GRANTS** Defendant's motion to dismiss for failure to prosecute (Doc. No. 19); (2) **DISMISSES** this case **WITH PREJUDICE**; and (3) **TERMINATES** this case on the docket.

**IT IS SO ORDERED.**

Date:   February 8, 2023                                s/Michael J. Newman
                                                                            Hon. Michael J. Newman
                                                                            United States District Judge